UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARGURUS, INC., <br>                     Plaintiff, <br> v. <br> MYCARGURU.NET, LLC and BRENT MARTIN d/b/a MYCARGURU, <br>                     Defendant. | CIVIL ACTION <br> NO. 1:15-cv-30179 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff CarGurus, Inc. ("CarGurus") hereby states this complaint for violations of the Lanham Act including trademark infringement and cybersquatting, and violations of the Massachusetts Consumer Protection Act, against MyCarGuru.net LLC and Brent Martin d/b/a MyCarGuru (collectively "MyCarGuru"), as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338 and 1367(a).

2. This court has personal jurisdiction over the defendants. On information and belief, the defendants serve customers in all 50 states, including Massachusetts.

3. Venue is proper in this district under 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff CarGurus is a Delaware corporation with its principal place of business in Cambridge, Massachusetts.

5. Defendant MyCarGuru.net LLC is, on information and belief, a Texas limited liability company that was formed in July of this year by defendant Brent Martin with its principal place of business in Texas, in or around Dallas.

6. Defendant Brent Martin is, on information and belief, an individual domiciled in Texas, in or around Dallas. On information and belief, Martin is, individually and/or through his defendant company, currently doing business as "MyCarGuru."

**FACTS**

**CarGurus's Use of the CarGurus Marks**

7. Founded in 2006, CarGurus offers services to make the online car shopping experience easier and more transparent, principally via its interactive website at www.cargurus.com. CarGurus analyzes millions of car listings to help buyers identify the best deals in their area. CarGurus also offers services for sellers, helping commercial dealerships attract customers and helping private parties determine the right price at which to list their car. There is an active CarGurus user community where users can share information and solicit advice on a wide variety of automotive topics.

8. CarGurus's popularity has soared since its founding. CarGurus is the second most visited consumer automotive shopping website in the U.S. based on daily unique traffic as measured by ComScore. Over 15 million unique visitors visit cargurus.com monthly. Citing CarGurus's popularity, Ford Motor Company recently began syndicating its dealers' new-vehicle inventory to cargurus.com, raising the number of U.S.-based dealers in CarGurus's network to over 10,000.

9. In connection with its business, CarGurus has used its flagship CARGURUS Mark and CarGurus logo since 2006, and is the owner of following U.S. federal registrations (these marks individually and collectively referred to hereafter as the "CARGURUS Marks"):

(a) U.S. Registration No. 3315446 for CarGurus for the following goods and services: Providing to consumers, via the Internet, consumer information on and reviews of automobiles and automotive products and services; promoting the goods and services of others by providing a website at which users can link to vendors of automobiles and automotive products and services. This registration is now incontestable.

(b) U.S. Registration Number 3315489 for CarGurus for the following goods and services: Providing to consumers, via the Internet, consumer information on and reviews of automobiles and automotive products and services; promoting the goods and services of others by providing a website at which users can link to vendors of automobiles and automotive products and services. This registration is now incontestable.

(c) U.S. Registration Number 3312242 for CarGurus for the following goods and services: Providing to consumers, via the Internet, consumer information on and reviews of automobiles and automotive products and services; promoting the goods and services of others by providing a website at which users can link to vendors of automobiles and automotive products and services. This registration is now incontestable.

(d) U.S. Registration Number 4807853 for CARGURUS for the following goods and services: Promoting the goods and services of others by placing advertisements and promotional displays in an electronic site accessed via a global computer network; promoting the goods and services of others by providing a website by which users can obtain contact information for vendors of automotive products and services, and such vendors can obtain contact information for website users.

True and accurate copies of certificates of registration for these four federal registrations are attached hereto as *Exhibit A*.

10. CarGurus began using the CARGURUS Marks at least four years before the mycargurus.net domain name was registered and, on information and belief, at least eight years before defendants began the conduct complained of below, using the mark MyCarGuru.

11. Since February 27, 2006, also well before the complained-of conduct, CarGurus has owned the Internet domain name "cargurus.com." CarGurus conducts its business principally via a fully functioning e-commerce website at that internet address, through which customers can access the services described above.

12. CarGurus provides and sells its services in association with the CARGURUS Marks throughout the United States.

13. CarGurus has expended substantial resources on the advertising of its products and services, all using the CARGURUS Marks. For example, CarGurus has an advertising agreement with the Boston Globe,[1] in which CarGurus powers the Auto Search section of the Boston Globe's online properties, which includes significant branding for CarGurus on the Boston.com site. Additionally, CarGurus has invested heavily in advertising its products and services to customers through conferences, events, paid webinars, radio advertising, and mailers, all of which use the CARGURUS Marks. CarGurus has further developed its goodwill in the CARGURUS Marks through these marketing and advertising efforts.

14. As a result of its ongoing business efforts and advertising, CarGurus has developed substantial goodwill in the CARGURUS Marks. The CARGURUS Marks are distinctive, and have become strongly identified with CarGurus and its services. CarGurus's name and marks are both well-known and famous in their field, and as a result the CARGURUS Marks have come to and do represent extremely valuable business assets to CarGurus. Said marks and the business assets represented therein belong exclusively to CarGurus.

15. As a result of its ongoing business efforts and advertising, over 15 million unique visitors visit cargurus.com monthly. Customers located across the United States, including in Massachusetts, use CarGurus's services. CarGurus has continued to enjoy a solid and ever-expanding clientele in Massachusetts, as well as across the United States, North America, and worldwide.

**MyCarGuru's unauthorized use of the CARGURUS Marks**

16. In or about 2011, the internet domain name "mycarguru.net" was registered. Then or at some time thereafter, MyCarGuru through Martin obtained rights to the registration. CarGurus did not authorize MyCarGuru to register or use said domain name, or to make any reference to "CarGurus."

---

[1] As of 2013, the most recent period for which data could be found, the Boston Globe had a weekday circulation of 245,572 and a Sunday circulation of 382,452. *See* Callum Borchers, *Globe Circulation Continues to Rise*, BostonGlobe.com, May 1, 2013, https://www.bostonglobe.com/business/2013/04/30/globe-circulation-rises-wave-digital-subscriptions/5Nuz9OJpA7Zsmw91CPh1vK/story.html.

17. Through its website, "mycarguru.net," MyCarGuru offers automotive services that are substantially identical to those offered by CarGurus. For example, MyCarGuru offers car-buying services including a "personalized 'Deal Summary' report and professional recommendation to help you decide which deal is right for you." This service is strikingly similar to CarGurus's car-buying service, which helps customers identify the best local car deals. MyCarGuru's website also states that the company is working on launching a car-selling service, another service that CarGurus offers its customers.

18. On information and belief, MyCarGuru only recently began these activities. For example, according to Archive.org, as of August 1, 2015, the mycarguru.net domain name was linked only to a GoDaddy placeholder page.

19. CarGurus recently became aware of MyCarGuru's registration of the "mycarguru.net" domain name when a CarGurus customer raised questions about MyCarGuru's website to CarGurus.

20. On information and belief, MyCarGuru has made unauthorized use of the CARGURUS marks to offer car-buying and selling services from its "mycarguru.net" website.

21. On information and belief, MyCarGuru serves customers in many states, including Massachusetts. The "mycarguru.net" homepage prominently states that MyCarGuru is "Proudly serving customers in all 50 states" and describes the company as offering "National Car Buying Services."

22. On information and belief, prior to or in connection with registering the domain name "mycarguru.net" and in reviewing the internet, MyCarGuru became aware of CarGurus and its prior use of the CARGURUS Marks.

23. On information and belief, including the near identity of the marks at issue and the services offered by MyCarGuru, MyCarGuru is attempting to and is intentionally and willfully misappropriating and trading on CarGurus's goodwill and public recognition.

24. As a result of the above-described conduct, CarGurus has been substantially harmed, and that harm is ongoing and will continue until MyCarGuru ceases the complained-of conduct.

## FIRST CAUSE OF ACTION
### (Violation of the Lanham Act, §§ 32 and 43(a))

25. Plaintiff repeats the allegations in each of the above paragraphs as if fully realleged herein.

26. CarGurus is the owner of the above-listed U.S. trademark registrations for the CARGURUS Marks. The CARGURUS Marks and their registrations are valid, subsisting and unrevoked. Their registrations are *prima facie* evidence of the validity of the trademark registrations, plaintiff's ownership of the CARGURUS Marks, and plaintiff's exclusive right to use, without condition or limitation, the CARGURUS Marks in commerce throughout the United States in connection with the provision of automotive services, as provided in 15 U.S.C. § 1057(b).

27. Through its activities, MyCarGuru has in interstate commerce, or in a manner affecting such commerce, utilized words, terms, and names confusingly similar to the CARGURUS Marks, which were and are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of defendant with CarGurus, and as to the origin, sponsorship, or approval by CarGurus of any products or services MyCarGuru offers or intends to offer.

28. Such conduct is in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114, and such violations are ongoing.

29. Such conduct is also in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and such violations are ongoing.

30. Through such conduct, MyCarGuru has caused and continues to cause irreparable harm to CarGurus, its CARGURUS Marks, and its goodwill and reputation, and has thereby damaged CarGurus.

## SECOND CAUSE OF ACTION
### (Violation of Anticybersquatting Consumer Protection Act)

31. Plaintiff repeats the allegations in each of the above paragraphs.

32. The CarGurus Marks are "famous" marks within the meaning of Section 43(c)(2) of the Lanham Act.

33. CarGurus is the owner of the CARGURUS Marks.

34. With a bad faith intent to profit therefrom, MyCarGuru has registered and used in commerce and for commercial purposes the domain name "mycarguru.net" which is confusingly similar to CarGurus's domain name "cargurus.com" and to its distinct and famous CARGURUS Marks.

35. MyCarGuru has shown its bad faith intention to profit from CarGurus's name and goodwill through its registration and use of a domain name that, on information and belief, it knew was strikingly similar to the domain name already in use by CarGurus and to the CARGURUS Marks.

36. Such conduct is in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and such violations are ongoing.

37. Through such conduct, MyCarGuru has caused and continues to cause irreparable harm to CarGurus, its CarGurus Marks, and its goodwill and reputation, and has thereby damaged CarGurus.

## THIRD CAUSE OF ACTION
### (Violation of Massachusetts Consumer Protection Act)

38. Plaintiff repeats the allegations in each of the above paragraphs.

39. At all relevant times, CarGurus and MyCarGuru have been engaged in the conduct of trade or commerce.

40. Through MyCarGuru's unauthorized use of marks, names and domain names confusingly similar to the CARGURUS Marks, MyCarGuru has knowingly, or with reason to know, created the impression of a sponsorship, approval, affiliation or connection between CarGurus and MyCarGuru that MyCarGuru knows it does not have. This conduct by

MyCarGuru constitutes a knowing and willful deceptive act or practice, in the conduct of commerce, in violation of the Massachusetts Consumer Protection Act, Mass. Gen. L. c. 93A.

41. As indicated by the fact that MyCarGuru has misappropriated domain and business names virtually identical to those owned by CarGurus, on information and belief, MyCarGuru was aware of CarGurus's pre-existing, exclusive rights to the CARGURUS Marks. This conduct by MyCarGuru constitutes a knowing and deceptive act or practice, in the conduct of commerce, in violation of the Massachusetts Consumer Protection Act.

42. CarGurus has suffered a loss of money or property as a direct and proximate result of MyCarGuru's unfair and deceptive acts or practices, which has occurred primarily and substantially within the Commonwealth of Massachusetts.

## **PRAYERS FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for an order of this Court holding that:

A. MyCarGuru, by its adoption and usage of the mark MyCarGuru and the domain name "mycarguru.net," has infringed CarGurus's trademark rights in the CARGURUS Marks in violation of 15 U.S.C. § 1114.

B. MyCarGuru, by reason of its actual knowledge of plaintiff's prior use and appropriation of the CARGURUS Marks, and by subsequently adopting and continuing to use the mark MyCarGuru and the domain name "mycarguru.net" has intentionally and willfully committed unfair competition under 15 U.S.C. § 1125(a).

C. MyCarGuru, by reason of its actual knowledge of plaintiff's prior use and appropriation of the CARGURUS Marks, violated CarGurus's trademark rights knowingly and willfully, and its infringement of the CARGURUS Marks is therefore exceptional pursuant to 15 U.S.C. § 1117(a).

D. MyCarGuru, by registering a domain name known to be associated with CarGurus, and which is confusingly similar to CarGurus's "cargurus.com" domain name has committed cyberpiracy in violation of 15 U.S.C. § 1125(d).

E. MyCarGuru, by reason of its actual knowledge of the prior use and registration of the CARGURUS Marks and the domain name "cargurus.com" by plaintiff, and then by adopting and using the mark MyCarGuru and the domain name "mycarguru.net" in connection with offering services that are substantially similar to the plaintiff's services, acted in an unfair and deceptive manner in violation of the Massachusetts Consumer Protection Act, Mass. Gen. L. c. 93A.

F. MyCarGuru, its agents, servants, owners, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, be preliminarily and permanently enjoined and restrained pursuant to 15 U.S.C. § 1116 from promoting, selling, offering for sale, distributing or advertising automotive-related products or services under the mark MyCarGuru, the domain name "mycarguru.net," or any other colorable variant of or any other mark or name confusingly similar to any of the CARGURUS Marks.

G. MyCarGuru, its officers, directors, agents, servants, employees, attorneys, successors, assigns, members, and all persons in active concert or participation with them, be preliminarily and permanently enjoined and restrained pursuant to 15 U.S.C. § 1116 from the use of the mark MyCarGuru, the domain name "mycarguru.net," or any other colorable variant of or any other mark or name confusingly similar to any of the CARGURUS Marks in promotion, advertising or other commercial use in connection with automotive-related goods or services.

H. MyCarGuru be ordered to immediately transfer to CarGurus the domain name "mycarguru.net," and any other domain names in MyCarGuru's possession or control that are confusingly similar to any of the CARGURUS Marks, and be further preliminary and permanently enjoined from the registration or use of any domain name consisting of a colorable imitation of any of the CARGURUS Marks in connection with automotive-related goods or services.

I. MyCarGuru be ordered to provide an accounting to determine the damages CarGurus has suffered and the profits MyCarGuru has made by reason of its infringing conduct.

J. Plaintiff be awarded any profits from the sale of MyCarGuru's services or products under or in connection with the mark MyCarGuru or the domain name "mycarguru.net" and all damages to plaintiff as a result of MyCarGuru's infringement and acts of unfair competition.

K. That Plaintiff, at its election, be awarded $100,000 in statutory damages pursuant to 15 U.S.C. § 1117.

L. Plaintiff be awarded three times the amount of the damages and profits assessed as a consequence of MyCarGuru's willful infringement and acts of unfair competition and its willful and knowing violation of the Massachusetts Consumer Protection Act.

M. Plaintiff recovers its costs herein.

N. Plaintiff be awarded its reasonable attorneys' fees incurred as a consequence of MyCarGuru's willful trademark infringement and acts of unfair competition.

O. Plaintiff be granted such other and further relief as this Court shall deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all claims that are triable to a jury.

>Respectfully submitted:
>
>CARGURUS, INC.,
>
>By its attorneys,
>
>/s/ *Peter G. Byrne* _____
>Joshua M. Dalton, Esq. (BBO # 636402)
>David O. Johanson, Esq. (BBO # 251740)
>Peter G. Byrne, Esq. (BBO # 690519)
>Morgan, Lewis & Bockius LLP
>One Federal Street
>Boston, MA 02110
>Telephone: (617) 951-8000
>Facsimile: (617) 951-8736
>josh.dalton@morganlewis.com
>david.johanson@morganlewis.com
>peter.byrne@morganlewis.com

Dated: October 14, 2015